# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-06980-RGK-KS | Date | October 4, 2019 |
|---|---|---|---|
| Title | ***TORRES v. HONEYWELL, INC. et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion to Remand (DE 21); Defendants' Motion to Dismiss (DE 10); Plaintiff's Motion to Conduct Jurisdictional Discovery (DE 22)

## I. INTRODUCTION

On May 17, 2015, a Commander 114B aircraft crashed in Laughlin, Nevada, claiming the lives of its three passengers and seriously injuring the pilot. Two years later, on May 12, 2017, Plaintiffs Gregory Torres ("Torres"), individually and as executor of the estate of Diana Marie Soto ("Soto"); Melinda C. Green ("Green"), individually and as executrix of the estate of Evelyn C. Walker ("E. Walker"),[1] and; Samantha Walker Perry ("Perry"), individually and as personal representative of the estate of James Dale Walker ("J. Walker"), (collectively, "Plaintiffs") filed a Complaint in Los Angeles Superior Court against fourteen Defendants: (1) Honeywell, Inc., (2) Honeywell International, Inc., (3) Honeywell Aerospace, (4) Garrett by Honeywell, (5) Honeywell Turbo Technologies, (6) Honeywell Engines & Systems, Inc., (7) Honeywell Engine Control Systems, (8) Approved Turbo Components, Inc., ("Approved Turbo"), (9) Turbo 2000 Corporation, (10) Fine Line Designs, (11) Camarillo Aircraft Service, (12) Fly In Vacations, (13) Avco Corporations, ("Avco"), and (14) Lycoming Engines ("Lycoming") (collectively, "Defendants").

Plaintiffs' Complaint alleges (1) strict liability; (2) negligence; (3) breach of express and implied warranties; (4) fraud; (5) negligent misrepresentation; (6) negligent infliction of emotional distress ("NIED"); (7) recklessness, outrageousness, willful and wanton misconduct; and (8) survival. On August 12, 2019, Avco and Lycoming (collectively, the "Removing Defendants") removed the action to federal court based on diversity jurisdiction. In its notice of removal, Avco argued that although Approved Turbo is a non-diverse party, its citizenship can be disregarded because it is a sham defendant.

---

[1] The Court notes that according to the Complaint, Green is suing in her individual capacity and as executrix of the Estate of E. Walker. However, the Complaint does not establish how Green has standing to sue in her individual capacity. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to have standing, plaintiff must have suffered an injury in fact which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical) (citations omitted). Thus, the Court considers only the citizenship of E. Walker's estate for purposes of diversity. *See* 28 U.S.C. § 1332 (c)(2).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-06980-RGK-KS | Date | October 4, 2019 |
|---|---|---|---|
| Title | ***TORRES v. HONEYWELL, INC. et al.*** | | |

*See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds.")

Presently before the Court is Plaintiffs' Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

Plaintiffs allege the following in their Complaint:

This case stems from a May 17, 2015, Commander 114B aircraft ("Aircraft") crash. Torres was the pilot of the Aircraft, which had three passengers onboard: Soto, J. Walker, and E. Walker. Soon after departure, Torres realized the Aircraft was losing engine power and made an emergency off-airport landing. The Aircraft hit the ground and slid for approximately 120 feet in the sand, during which time all occupants were alive and conscious. However, the Aircraft began smoldering due to the hot engine and fuel spilling beneath it. Torres directed the passengers to exit the Aircraft. However, the Aircraft ignited, burning the occupants as they tried to exit. J. Walker perished as he and the other passengers were trying to exit the Aircraft. Torres, Soto, and E. Walker were badly burned, but managed to exit the Aircraft and were transported to the hospital. E. Walker and Soto died several days later. Torres survived, but suffered severe burns and injuries. After the crash, an investigation revealed that the engine power loss and subsequent fire were caused by a malfunction in the Aircraft's turbocharger ("Turbocharger").[2]

## III. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. The removal statute is strictly construed against a finding of removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The party seeking removal bears the burden of establishing a federal court's jurisdiction. *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986).

## IV. DISCUSSION

Plaintiffs set forth two primary arguments in support of the Motion. First, Plaintiffs assert that Approved Turbo is not a fraudulently joined defendant; therefore, its presence in this case destroys

---

[2] In their Motion to Remand, Plaintiffs assert for the first time that (1) Torres was friends with decedents E. Walker and J. Walker, (2) Torres and Soto were life partners, and (3) Torres was taken out of an induced coma to provide a Do Not Resuscitate directive for Soto.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06980-RGK-KS | Date | October 4, 2019 |
|---|---|---|---|
| Title | ***TORRES v. HONEYWELL, INC. et al.*** | | |

diversity. Second, Plaintiffs argue that the removal was improper because all Defendants did not consent to the removal. Plaintiffs also request fees and costs for the time spent filing the present Motion, as well as the time spent responding to Defendants' pending Motion to Dismiss.

### A. Fraudulent Joinder

"Fraudulent joinder" is a "term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of law." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations omitted). The removing party has the burden to establish fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Plaintiffs argue that Approved Turbo is not a fraudulent defendant because the Complaint alleges three cognizable claims against it: (1) NIED; (2) recklessness, outrageousness, willful and wanton misconduct; and (3) survival. The Court first considers Plaintiffs' NIED claim.

To recover as a direct victim of NIED, the plaintiff must show that (1) defendant was negligent; (2) plaintiff suffered serious emotional distress; and (3) defendant's negligence was a substantial factor in causing plaintiff's emotional distress. *Molien v. Kaiser Found. Hosp.*, 27 Cal.3d 916, 925 (1980). To recover for NIED on a bystander theory, the plaintiff must also show (1) a close relationship to the injury victim; (2) presence at the scene of the injury-producing event at the time it occurs and awareness that it is causing injury to the victim; and (3) emotional distress suffered as a result that is beyond what would be anticipated in a disinterested witness. *Thing v. La Chusa*, 48 Cal.3d 644, 647 (1989). Under California law, an estate cannot recover for NIED on behalf of a decedent, and Plaintiffs concede that the personal representatives of the estates here cannot recover for NIED on either an individual or representative basis. *Martin v. California Dept. of Veteran Affairs*, 560 F.3d 1042, 1050–51 (9th Cir. 2009). Accordingly, the remaining issue is whether it is obvious under settled state law that the remaining plaintiff, Torres, cannot prevail on his NIED claim against Approved Turbo. *Morris, Inc.*, 236 F.3d at 1067.

Here, "[e]ven if [Torres] did not plead facts sufficient to state a claim against [Approved Turbo], Defendants have not established that [Torres] could not amend [his] pleading and ultimately recover against [Approved Turbo] for [NIED]." *See Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). In the Complaint, Torres alleges that each Defendant (including Approved Turbo) breached a duty owed to Torres, and that each Defendant's breach directly and proximately caused the accident and Torres' resulting emotional distress. To the extent that Torres has not alleged facts sufficient to establish Approved Turbo's negligence, the Removing Defendants have not shown that Plaintiffs could not amend the Complaint to remedy this defect. Indeed, in their Motion to Remand, Plaintiffs allege several new facts regarding the crash and Torres' resulting emotional distress which, if added to an

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06980-RGK-KS | Date | October 4, 2019 |
|---|---|---|---|
| Title | ***TORRES v. HONEYWELL, INC. et al.*** | | |

amended complaint, would bolster Torres' NIED claim. Accordingly, because the Removing Defendants have not met their burden to show by clear and convincing evidence that it is obvious under settled state law that Torres cannot prevail against Approved Turbo for NIED, the Court finds that Approved Turbo is not a sham defendant and the Court cannot discount its citizenship. *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *9 (C.D. Cal. Mar. 5, 2013) ("[A] non-fanciful possibility of liability" precludes application of the sham-defendant doctrine); *Padilla*, 697 F. Supp. 2d at 1159 ("Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'") (quoting *Burris v. AT & T Wireless, Inc.*, No. C 06–02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).[3]

In light of the foregoing, the Court need not consider Plaintiffs' remaining claims against Approved Turbo. Because Approved Turbo is not a sham defendant, diversity is destroyed.

### B. Consent to Removal

The rule of unanimity states that "all the defendants must join in the application for removal." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Circuit) (citations omitted). "[F]iling a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Id.*

Because diversity is destroyed, the Court need not consider whether the Removing Defendants complied with the rule of unanimity. However, the Court notes that the Notice of Removal fails to aver that all Defendants consented to the removal here.

### C. Attorneys' Fees and Costs

Plaintiffs seek attorneys' fees and costs associated with bringing the present Motion. Plaintiffs contend that the Removing Defendants lacked an objectively reasonable basis for removal because it knew Approved Turbo was not a fraudulent defendant. The Court disagrees.

"[A]bsent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Because no binding precedent directly foreclosed on the Removing Defendants' basis for removal, the Removing Defendants had an objectively reasonable basis to believe that the Court had original jurisdiction over the action.

---

[3] Avco argues that because Torres' emotional damages are subsumed by his general negligence claims, he cannot recover on a NIED theory. But Torres has not asserted a general negligence claim against Approved Turbo; consequently, his emotional damages cannot be subsumed by it.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06980-RGK-KS | Date | October 4, 2019 |
|---|---|---|---|
| Title | ***TORRES v. HONEYWELL, INC. et al.*** | | |

Accordingly, the Court denies Plaintiffs' request for attorneys' fees and costs.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and hereby **REMANDS** this case to the Los Angeles Superior Court for all further proceedings. The Court **DENIES as moot** Defendants' Motion to Dismiss and Plaintiff's Motion to Conduct Jurisdictional Discovery.

**IT IS SO ORDERED.**

                                                                  _____ : _____

Initials of Preparer